Dear Mr. Paden:
This letter is in response to your question asking:
 An interpretation of sub-paragraph 2 of Section 115.127, RSMo., relative to the publication of notice of election. The question is: If there is only one newspaper qualified under Chapter 493, RSMo., within the county in which the majority part of a fourth class city is located in or the majority of a school district encompassing one or more counties and there is no newspaper qualified under Chapter 493 published either in the city or in any part of the school district, must legal notice of election be published in the only newspaper qualified under Chapter 493 in the county in which the largest part of the city or school district exists.
Subsection 2 of § 115.127, RSMo Supp. 1979, to which you refer, provides:
 Except as provided in subsections 1 and 4 of this section and in sections 115.521, 115.549 and 115.593, the election authority shall cause legal notice of each election held in its jurisdiction to be published. The notice shall be published in two newspapers of different political faith and qualified under chapter 493, RSMo, which are published within the bounds of the area holding the election. If there is only one so qualified newspaper, then notice shall be published in only one newspaper. If there is no newspaper published within the bounds of the election area, then the notice shall be published in two qualified newspapers of different political faith serving the area. Notice shall be published twice, the first publication occurring in the second week prior to the election, and the second publication occurring within one week prior to the election. Each such legal notice shall include the date and time of the election, the name of the officer or agency calling the election and a sample ballot; and, unless notice has been given as provided by section 115.129, the second publication of notice of the election shall include the location of polling places. The election authority may provide any additional notice of the election it deems desirable.
It is our understanding that your question does not involve a situation in which the affected election authorities under subsection 3 of § 115.023, RSMo, authorize one of their number to conduct the election for all or any part of the political subdivision or special district. It is also our understanding that you are not asking about the situation where the clerk or secretary of any political subdivision or special district is to conduct the election for the political subdivision or special district as provided in certain circumstances under subsection 4 of § 115.023. It appears, therefore, that the question to be answered is as to the notice required when an election is to be conducted for a political subdivision or special district and the political subdivision or special district is located within the jurisdiction of more than one election authority, and the provisions of subsections 3 and 4 of § 115.023 are not applicable.
Subsection 2 of § 115.023, RSMo, provides as follows:
 When an election is to be conducted for a political subdivision or special district, and the political subdivision or special district is located within the jurisdiction of more than one election authority, the election authority of the jurisdiction with the greatest proportion of the political subdivision's or special district's registered voters shall be responsible for publishing any legal notice required in section 115.127 or 115.521.
Under the provisions of such subsection, in such a situation, the election authority of the jurisdiction with the greatest proportion of the political subdivision's or special district's registered voters shall be responsible for publishing legal notices. Subsection 2 of § 115.127, quoted supra, is applicable in such a situation. It is crystal clear under the provisions of § 115.127
(2) that if there are two newspapers of different political faith published within the bounds of the area holding the election, that is, within the bounds of the political subdivision or the special district holding the election, notices are to be published in such newspapers. If there is only one newspaper published in the area holding the election, that is, within the political subdivision or within the boundaries of the special district, the notice is to be published in such newspaper. If there is no newspaper published within the bounds of the election area, that is, within the bounds of the political subdivision or the special district, then the notice shall be published in two qualified newspapers of different political faith serving the area. The election authority may provide any additional notice of the election it deems desirable.
CONCLUSION
It is the opinion of this office that when an election is held in a political subdivision or a special district which is located within the jurisdiction of more than one election authority in situations where the provisions of § 115.023, subsections 3 and 4, are not applicable that the notice of election is to be given by the election authority of the county with the greatest proportion of the political subdivision's or special district's registered voters, and that if two newspapers of different political faith which are qualified under Chapter 493, RSMo, are published within the bounds of the area holding the election, the notice is to be published in such newspapers. If there is only one such newspaper, then the notice shall be published in such newspaper. If there is no newspaper published within the bounds of the election area, then the notice shall be published in two qualified newspapers of different political faith serving the area. The election authority may provide any additional notice of the election it deems desirable.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, C. B. Burns, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General